USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/14/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ORIX FINANCIAL SERVICES,

               Plaintiff,

        - against -

BARBARA PHIPPS,

               Defendant.
------------------------------------------------------------X

91 Cv. 2523 (RPP)

**OPINION AND ORDER**

**ROBERT P. PATTERSON, JR., U.S.D.J.**

    The Complaint in this action alleges that on December 10, 1988, Defendant Barbara Phipps signed two Guarantees, through which, she agreed to be held responsible for the financial obligations then existing and thereafter incurred by her husband to Plaintiff Orix Financial Services. See Orix Financial Services v. Phipps, 2009 U.S. Dist. LEXIS 530 (S.D.N.Y. Jan. 6, 2009) (RPP).[1] In pertinent part, the Guarantees appointed and designated C-A Credit Corp or Stuart B. Glover, Esq. as Defendant's agent to accept service of process for Defendant in the event that a lawsuit was filed. Service of process was effected in this action on April 12, 1991 when Plaintiff personally served an officer of C-A Credit with a copy of the Summons and Complaint. Plaintiff offers no proof of service of process on Defendant personally. Defendant failed to answer the Complaint, and on September 3, 1991, a default judgment was entered against her in the amount of $166,000.

    On August 26, 2008, Defendant filed a motion to vacate the default judgment under Fed. Rule Civ. P. 60(b)(4) ("Rule 60(b)(4)"), claiming, in pertinent part here, that

---

[1] The following is a brief summary of the relevant facts taken from this Court's January 6, 2009 opinion, with which the parties are presumed to be familiar.

1

she never signed the two Guarantees, and that therefore: service of process was not properly effected; this Court never had *in personam* jurisdiction over her, and; that the judgment rendered against her was void. On January 6, 2009, this Court denied Defendants' motion to vacate the default judgment entered against her on September 3, 1991, determining, as relevant here, that Defendant had failed to rebut the presumption of authenticity accorded notarized signatures, which was what were on the two Guarantees that Defendant allegedly signed in 1988. The Court denied this prong of the motion "without prejudice to renew" if Defendant was able to present "more conclusive evidence negating the authenticity of her signature." Id. at *18.

On February 25, 2009, Defendant filed a renewed motion to vacate the default judgment. With this motion, Defendant provided the affidavit of Harold F. Rodin ("Rodin Aff."), who averred that he had examined the two Guarantees, and that after comparing these two signatures with known samples of Defendant's handwriting, concluded that Defendant had not signed the two Guaranties. (Rodin Aff. ¶¶2-8.) For the reasons that follow, the affidavit of Rodin provided by Defendant sufficiently rebuts the presumption of authenticity accorded notarized signatures, and therefore, Defendant's motion to vacate the default judgment is granted.

### 1. The Default Judgment Entered Against Defendant is Void and Must be Vacated.

Federal Rule of Civil Procedure 60(b)(4) ("Rule 60(b)(4)") provides that a court "may relieve a party or its legal representative from a final judgment ... [if] the judgment is void."[2] This rule applies in equal force to judgments entered by default. See Fed. R.

---

[2] Additionally, the Second Circuit has expressed a "preference that litigation disputes be resolved on the merits, not by default." Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995). Similarly, default judgments have been described as "the most severe sanction which the court may apply, and its use must be tempered by

2

Civ. P. 55(c) ("For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).") Further, while the rule appears to offer courts some discretion in determining whether to vacate a judgment that is void, the Second Circuit Court of Appeals has determined that a "motion predicated on subsection four [of Rule 60(b)] is unique ... in that relief is not discretionary and a meritorious defense is not necessary as on motions made pursuant to other 60(b) subsections." See Covington Industries, Inc. v. Resintext A.G., 629 F.2d 730, 732 n.3 (2d Cir. 1980); Pitbull Prods. v. Universal Netmedia, Inc., 2008 U.S. Dist. LEXIS 30633 (S.D.N.Y. 2008); Am. Inst. Of Certified Pub. Accountants ("AICPA") v. Affinity Card, Inc., 8 F. Supp. 2d 372, 375 (S.D.N.Y. 1998). Accordingly, if the judgment here is void, this Court must vacate the default judgment. See Kao Hwa Shipping Co. v. China Steel Corp., 816 F. Supp. 910, 913 (S.D.N.Y. 1993) ("Unlike motions pursuant to other subsections of 60(b), the Court has no discretion regarding motions to vacate void judgments under Rule 60(b)(4).")

"A judgment obtained in the absence of *in personam* jurisdiction is void." China Mariners' Assurance Corp. v. M.T. W.M. Vacy Ash, 1999 U.S. Dist. LEXIS 2674, at *3 (S.D.N.Y. 1999); Jaffe & Asher v. Van Brunt, 158 F.R.D. 278, 279 (S.D.N.Y. 1994). A court lacks *in personam* jurisdiction where a judgment has been "obtained by defective service." See Omni Capital Int'l v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 103 (1987) (valid service of process is a prerequisite to a district court's assertion of personal jurisdiction over a defendant). Accordingly, a "judgment obtained by way of defective service is void for lack of personal jurisdiction and must be set aside as a matter of law."

---

the careful exercise of judicial discretion to assure that its imposition is merited." See Securities and Exch. Comm'n v. Management Dynamics, Inc., 515 F.2d 801, 814 (2d Cir. 1975).

See AICPA, 8 F. Supp. 2d at 375; Howard Johnson Int'l v. Wang, 7 F. Supp. 2d 336 (S.D.N.Y. 1998).

As explained in the Court's January 6, 2009 opinion, under Fed. R. Civ. Pro. 4(e), and under the terms of the Guarantees allegedly signed by Defendant, service of process could have been effected here, and thus, *in personam* jurisdiction could have been obtained, by Plaintiff's delivery of a copy of the summons and complaint to an agent authorized by Defendant. See Phipps, 2009 U.S. Dist. LEXIS 530 at * 10-11. Plaintiff contends that it complied with this requirement by delivering a copy of the Summons and Complaint to C-A Credit, the agent allegedly authorized by Defendant's signatures on the Guarantees. Id. Defendant has denied signing the Guaranty appointing C-A Credit as her agent, and with this motion to renew, Defendant has presented sufficient evidence to rebut the presumption of authenticity accorded notarized signatures. See, e.g., Orix v. Thunder Ridge Energy, 2005 U.S. Dist. LEXIS 41889, *37-39 (S.D.N.Y. 2005) (presumption of authenticity of notarized affidavit rebutted by affidavit of handwriting expert who averred that the signatures on the respective guarantees did not match the authentic signature samples provided by the defendants); Lombardo v. United Techs. Corp, 1997 U.S. Dist. LEXIS 7651, *2 (D. Conn. 1997) (same).

Accordingly, because valid service of process was not made here to a duly appointed agent, this Court lacked personal jurisdiction over Defendant, Fed Deposit Ins. Corp. v. O'Connor, 2007 U.S. Dist. LEXIS 95290, *1 (S.D.N.Y. 2008) ("valid service of process is a prerequisite to a district court's assertion of personal jurisdiction over a defendant"), and therefore, the judgment is void and must be vacated. See Polygram Merch., v. N.Y. Wholesale Co., 2000 U.S. Dist. LEXIS 166, *1 (S.D.N.Y. 2000)

4

("Proper service provides the hallmark of due process and therefore a judgment obtained by defective service is void and must be vacated.")

### 2. Defendant's Rule 60(b)(4) Motion is Neither Waived nor Barred by the Principles of Equitable Estoppel.

Plaintiff does not directly dispute that: the expert handwriting analysis sufficiently rebutted the presumption of authenticity accorded a notarized document; that this Court then lacked *in personam* jurisdiction over Defendant at the time the default judgment was entered, and; that therefore, the default judgment entered against Defendant is void. Rather, Plaintiff asserts that "even if the defendant did not sign her Guaranty -- which is now defendant's only basis in support of her motion to vacate the Judgment -- she has either waived or is equitably estopped from asserting her contention after more than seventeen years since the Judgment was entered and more than twenty years after she received written notice of the issuance of her Guaranty..." (Pl. Br. 3.)

However, and contrary to Defendant's contention, this Court has no discretion, under the Federal Rules of Civil Procedure, to grant or deny Rule 60(b)(4) motions based on the principles of equitable estoppel or waiver. Rather, as noted, judgments that are void <u>must</u> be set aside under Rule 60(b)(4). See, e.g., Cent. Vt. PSC v. Herbert, 341 F.3d 186, 189 (2d Cir. 2003) (holding that under Rule 60(b)(4) "a deferential standard of review is not appropriate because if the underlying judgment is void, it is *per se* abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)"); Recreational Properties, Inc. v. Southwest Mortgage Serv. Corp., 804 F.2d 311, 314 (5th Cir. 1986) ("The district court has no discretion [in ruling on a 60(b)(4) motion], the judgment is either void or it is not"); AICPA, 8 F. Supp. 2d at 375 (judgments found to be void "must" be set aside").

Moreover, and as this Court noted in its January 6, 2009 opinion, although Rule 60(b)(4) motions must be made "within a reasonable time" after entry of the judgment, for "all intents and purposes, a motion to vacate a default judgment may be made at any time." Cent. Vt. PSC, 341 F.3d at 189 (quoting Beller & Keller v. Tyler, 120 F.3d 21, 24 (2d Cir. 1997)); see also Crosby v. The Bradstreet Co., 312 F.2d 483, 485 (2d Cir. 1963) (judgment vacated as void thirty years after entry). Accordingly, although this motion to vacate the default judgment was made approximately seventeen years after entry of the judgment, the motion is deemed timely. See Rodd v. Region Constr. Co., 783 F.2d 89, 91 (7th Cir. 1986) ("The reasonable time criterion of Rule 60(b) as it relates to void judgments means no time limit.")

In support of its claim that Defendant waived her right to assert lack of personal jurisdiction and improper service of process defense, Plaintiff initially argues that under Fed R. Civ. P. 12(h)(1) and 12(b)(2)-(5), such defenses are waived if a defendant fails to raise them within a "reasonable time." (Pl. Br. 5-8.) That may be true if Defendant was making a motion to dismiss under Rule 12(b)(4)-(5). See Burton v. Northern Dutchess Hospital, 106 F.D.R. 477 (S.D.N.Y. 1985) (defense of lack of personal jurisdiction raised in a 12(b) must be asserted in a "reasonably timely manner or it is waived"). However, pending here is a motion under Rule 60(b)(4), which, as noted, provides that a district court must vacate a judgment that is void.

Plaintiff's claim that Defendant is equitably estopped from raising a Rule 60(b)(4) motion because seventeen years elapsed between the time of the default judgment and the time of this motion, during which time Defendant knew about both the Summons and Complaint as well the two Guarantees purportedly signed by her, is similarly rejected.

6

The Second Circuit has rejected the argument that "actual notice" is sufficient to cure improper service. See National Development Co. v. Triad Holding Corp., 930 F.2d 253, 256 (2d Cir. 1991); GMA Accessories v. BOP, LLC, 2008 U.S. Dist. LEXIS 26120, *7 (S.D.N.Y. 2008). Further, it is well-settled in courts both in this district and throughout the nation that the doctrine of equitable estoppel does not apply to Rule 60(b)(4) motions. See Kao Hwa Shipping Co. v. China Steel Corp., 910, 913 (S.D.N.Y. 1993) (doctrine of "laches," i.e., that the opposing party has slept on its rights, is not a valid defense to a motion made under Rule 60(b)(4)); Triad Energy Corp. v. McNell, 110 F.R.D. 382, 385 (S.D.N.Y. 1986) (same); Hertz Corporation v. Alamo Rental Car, 16 F.3d 1126, 1130 (11th Cir. 1994) (principle of laches does not operate as a bar to a Rule 60(b)(4) motion); Bludworth Bond Shipyard v. M/V Carribean Wind, 841 F.2d 646, 649 n.6 (5th Cir. 1988) (observing that "no court" has denied relief under Rule 60(b)(4) because of delay); In re Center Wholesale, 759 F.2d 1440, 1447 (9th Cir. 1985) (a "void judgment cannot acquire validity because of laches"); see also Insurance Corp. of Ireland v. Compagnie Des Bauxites de Guinee, 456 U.S. 694, 702 (1982) (regarding a federal court's acquisition of subject-matter jurisdiction, holding that the "consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings.").[3]

---

[3] In support of its equitable estoppel argument, Plaintiff relies on the recent case of Orix Financial Services v. Thunder Ridge Energy, 579 F. Supp. 2d 498 (S.D.N.Y. 2008), which, in deciding a Rule 60(b)(4) motion, ruled that Defendant's challenge to the entry of summary judgment for the plaintiff was barred because "even if the signature on the Guaranty in question [was] not authentic," Defendant "[was] estopped from denying her obligations under the Guaranty." Id. at 503-04. However, the Thunder Ridge Court cited no precedent in support of its conclusion that principles of equitable estoppel can be employed to deny a motion under rule 60(b)(4). Id. at 504. To the contrary, and as described above, there is ample precedent evincing otherwise. Plaintiff's reliance on Orix v. Phillips Mahnen, Inc., 1993 U.S. Dist. LEXIS 7071 (S.D.N.Y. 1993) is likewise rejected as that case did not concern a motion under Rule 60(b)(4).

Accordingly, Plaintiff's arguments based on waiver and equitable estoppel are rejected for the purposes of this motion under Rule 60(b)(4).

### 3. Conclusion

For the foregoing reasons, Defendant's motion to vacate the default judgment entered against her on September 3, 1991 is granted. Plaintiff is directed to effect service of the summons and complaint on Defendant Phipps by no later than September 3, 2009.

IT IS SO ORDERED.

Dated: New York, New York
August /3, 2009

Robert P. Patterson, Jr.
U.S.D.J.

Copies of this Order Were Faxed To:

**For Plaintiff**
Lewis M. Smoley
Davidoff & Malito & Hutcher, LLP
605 Third Avenue, 34th Floor
New York, NY 10158
Fax: 212-286-1884

**For Defendant**
Charles W. Smitherman, III
The McCurry Law Firm
402 N. Selvidge Street
Dalton, GA 30720
Fax: 706-279-1183

8